

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-21-2008

# Gibbs v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2535

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Gibbs v. Comm Social Security" (2008). *2008 Decisions.* Paper 1168.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1168

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-2535

ROBERT GIBBS,
        Appellant

v.

COMMISSONER OF SOCIAL SECURITY

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 06-cv-01093)
District Judge: Honorable Peter G. Sheridan

Submitted Under Third Circuit LAR 34.1(a)
on March 27, 2008

Before:  McKEE, RENDELL and TASHIMA*, Circuit Judges

(Filed: May 21, 2008)

* Honorable A. Wallace Tashima, Senior Judge of the United States Court of Appeals
for the Ninth Circuit, sitting by designation.

OPINION OF THE COURT

TASHIMA, *Circuit Judge*.

Robert Gibbs applied for Disability Insurance Benefits and Supplemental Security Income, asserting an April 6, 2001, onset date of disability. After a hearing, the Administrative Law Judge ("ALJ") issued a decision finding Gibbs disabled within the meaning of the Social Security Act, 42 U.S.C. § 423(d)(1)(A), beginning on April 6, 2001. Gibbs appealed to the District Court, claiming a disability onset date of November 1, 1999.[1] The District Court affirmed the agency's decision that the onset date of Gibbs' disability was April 6, 2001, not November 1, 1999.

On appeal to this court, Gibbs argues that, under Social Security Ruling (SSR) 83-20, his disability may be inferred back to November 1, 1999. He contends that if he was limited to less than sedentary work after April 6, 2001, it can be inferred, due to the progressive nature of his medical ailments, that he was limited to sedentary or light work as of November 1, 1999.

Under SSR 83-20, the ALJ is required to call a medical expert in cases such as this

---

[1] Although Gibbs argues that the Commissioner used the wrong onset of disability date, April 6, 2001, instead of November 1, 1999, the facts show that on Gibbs' application, the onset date of April 6, 2001, was crossed out, and November 1, 1999, was inserted by hand. Moreover, he stated on his May 15, 2001, Disability Report that his back condition first arose on April 4, 2001, and he only raised the November 1, 1999, date on a subsequent Disability Report.

where the onset date of disability must be inferred.  SSR 83-20; *see Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 549 (3d Cir. 2003) (stating that "[t]he ALJ should have consulted a medical advisor to help him infer the onset date as required by SSR 83-20"). While the determination of Gibbs' disability onset date involves consideration of his allegations, work history, and medical and other relevant evidence, any judgment made must have a legitimate medical basis.  SSR 83-20.

In this case, the ALJ properly followed SSR 83-20's requirements by calling a medical expert to help determine the onset date of Gibbs' disability.  Gibbs provided no medical evidence that supported an onset date of November 1, 1999.  We therefore will affirm the well-reasoned opinion and the order of the district court.